**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

FEB 28 2022

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| BRYAN BOOREN; SHARIN R. METCALF, | No. 21-35323 |
| Plaintiffs-Appellants, | D.C. No. 3:20-cv-06163-RJB |
| v. | |
| AELP SECURITIZATION TRUST SERIES 2015-1; WILMINGTON SAVINGS FUND SOCIETY, FSB; MERSCORP HOLDINGS, INC.; MB LAW GROUP LLP; MICHAEL J. FARRELL; DAVID CRAMER; ZEIVE BRODNAX & STEELE LLP; KINGSTON D. BOWAN; SCOTT D. CRAWFORD; US BANK, N.A.; TRUMAN 2016 SC 6 TITLE TRUST; FNMA REMIC 2006-17 TRUST; FANNIE MAE; FAY SERVICING, LLC; RUSHMORE LOAN MANAGEMENT SERVICES, | MEMORANDUM[*] |
| Defendants-Appellees. | |

Appeal from the United States District Court
for the Western District of Washington
Robert J. Bryan, District Judge, Presiding

Submitted February 15, 2022[**]

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

Before:       FERNANDEZ, TASHIMA, and FRIEDLAND, Circuit Judges.

Bryan Booren and Sharin R. Metcalf appeal pro se from the district court's judgment dismissing their action alleging various federal and state law claims in connection with a foreclosure.  We have jurisdiction under 28 U.S.C. § 1291.  We affirm.

In their opening brief, appellants fail to challenge the dismissal of their claims against the appearing defendants as barred by *Rooker-Feldman* and claim preclusion and the dismissal of their claims against the non-appearing defendants for failure to effect service of process.  Moreover, in the district court, appellants failed to raise any arguments opposing dismissal on these grounds.  Appellants have therefore waived any challenge to the district court's dismissal of their action. *See Silvas v. E*Trade Mortg. Corp.*, 514 F.3d 1001, 1007 (9th Cir. 2008) ("[I]f a party fails to raise an objection to an issue before judgment, he or she waives the right to challenge the issue on appeal." (citation and internal quotation marks omitted)); *Indep. Towers of Wash. v. Washington*, 350 F.3d 925, 929 (9th Cir. 2003) ("[W]e will not consider any claims that were not actually argued in appellant's opening brief."); *see also Greenwood v. FAA*, 28 F.3d 971, 977 (9th Cir. 1994) ("We will not manufacture arguments for an appellant . . . .").

To the extent that appellants challenge the district court's order denying their motion to set a pretrial conference and hearing on summary judgment or to

21-35323

expedite the case, the district court did not abuse its discretion. *See S. Cal. Edison Co. v. Lynch*, 307 F.3d 794, 807 (9th Cir. 2002) (setting forth standard of review and explaining that district courts have "inherent power" to control their dockets).

We reject as meritless appellants' contention that the district court failed to afford appellants an opportunity to be heard.

Appellees' motion to take judicial notice (Docket Entry No. 9) is granted. Appellees' request to strike appellants' opening brief, set forth in their answering brief, is denied.

**AFFIRMED.**